PEOPLE v. BABB.

CRIMINAL LAW—COMPETENCY TO STAND TRIAL.

Record in prosecution for manslaughter *held,* to disclose no showing that defendant was incapable of understanding nature of proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner, which showing would render his plea of guilty a nullity (CL 1948, § 767.27a as added by PA 1966, No 266).

Appeal from Recorder's Court of Detroit, Brennan (Vincent J.), J.    Submitted Division 1 on motion to dismiss or affirm July 30, 1968, at Detroit. (Docket No. 5,076.)    Decided September 23, 1968.

Ronald F. Babb was convicted of manslaughter on a plea of guilty.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Edward P. Echlin,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 62 *et seq.*
Test of present insanity which will prevent trial for crime or punishment after conviction.    3 ALR 94.
Investigation of present sanity to determine whether accused should be put or continue, on trial.    142 ALR 961.

PER CURIAM. Defendant Ronald F. Babb was charged with having committed murder in the first degree on November 4, 1966, in Detroit, Michigan. On October 16, 1967, defendant, on advice of counsel, offered to plead guilty to the lesser included offense of manslaughter. On November 22, 1967, after full investigation of the facts and circumstances of the plea, Judge Vincent Brennan accepted defendant's proposed plea of guilty and sentenced him to 12 to 15 years in prison.

This appeal presents the single question as to whether defendant was competent to stand trial at the time the plea was offered. The people file a motion to dismiss the appeal or to affirm the conviction, and the defendant has filed an answer thereto.

A review of defendant's brief, the motion to dismiss or affirm, and the record disclose that no showing has been made that defendant was incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner. CL 1948, § 767.27a, as added by PA 1966, No 266 (Stat Ann 1968 Cum Supp § 28.966[11]).

Affirmed.

LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ., concurred.